# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **IRA JEROME WILLIAMS** | * | **DOCKET NO. 07-2124** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

## Background & Procedural History

On September 2, 2004, Ira J. Williams filed the instant application for Disability Insurance Benefits. (*See*, Tr. 71).[1] He alleged disability since September 27, 2002, due to sciatica with severe pain in his back, thighs, and legs. (Tr. 72). The claim was denied at the initial stage of the administrative process. (Tr. 50, 85-88). Thereafter, Williams requested and received an August 25, 2005, hearing before an Administrative Law Judge ("ALJ"). (*See*, Tr. 43, 105). In a September 22, 2005, partially favorable decision, the ALJ awarded disability benefits

---

[1] Williams filed a prior application on July 23, 2003, which was initially denied on September 12, 2003, and not appealed. (*See*, Tr. 48, 71, 81-84). The Commissioner found no basis for reopening the prior application; thus, the relevant period commenced on September 12, 2003, the date of the last decision on the prior claim. *Id.*

for a closed period extending from September 13, 2003, through October 11, 2004. (Tr. 67-80). However, as of October 12, 2004, through the date of his decision, the ALJ found that Williams was not disabled under the Act. *Id*. Acting upon Williams' request for review, the Appeals Council affirmed the ALJ's finding that Williams was disabled from September 13, 2003, to October 11, 2004, but granted review and vacated the decision with respect to the period after October 11, 2004, because the hearing recording could not be located. (Tr. 103-104).

Upon remand, the ALJ held two more hearings on July 27, 2006, and January 31, 2007. (Tr. 373-429). Nonetheless, in a March 22, 2007, written decision, the ALJ determined that from October 12, 2004, through the date of the decision, Williams was not disabled under the Social Security Act, finding at Step Five of the sequential evaluation process that he was able to make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 17-27). Williams appealed the adverse decision to the Appeals Council. On October 5, 2007, the Appeals Council denied Williams' request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 7-9).

On December 6, 2007, Williams sought review before this court. He alleges the following errors:

(1) the Commissioner erred in failing to apply the "medical improvement" analysis for determining whether plaintiff's impairments medically improved as of October 12, 2004, and failed to recognize that the burden of proof shifted to the Commissioner due to the presumption of continuing disability; and

(2) the Commissioner erred in relying upon Dr. McCown's opinion because McCown admitted that the record was confusing and that additional medical testing was required.

### Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the

ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

### Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a

broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Disability Benefits Reform Act of 1984 amended the Social Security Act to provide a standard of review for determining whether a disability has ceased.  Pub.L. 98-460.  The Commissioner has prescribed regulations to implement the standard of review.  In determining whether Disability or SSI benefits may be terminated, the ALJ must consider whether substantial evidence demonstrates:

1. that there has been any medical improvement in the individual's impairment or combination of impairments that is related to the claimant's ability to work; and

2. that the individual is currently able to engage in substantial gainful activity.

20 C.F.R. § 404.1594(a).

In evaluating the above-enumerated issues, the Commissioner uses an eight-step sequential analysis:

1. If a claimant is engaged in substantial gainful activity, disability will be found to have ended regardless of the medical findings.

2. If the claimant's impairment meets the severity of an impairment listed in Appendix 1, his disability will be found to continue.

3. If the impairment does not meet the Appendix 1 listings, whether there has been medical improvement as shown by a decrease in medical severity must be determined.  If so, Step 4 is considered.  If there has been no decrease in medical severity, there has been no medical improvement, and Step 5 is considered next.

4. If medical improvement is found, whether the improvement is related to

4

the claimant's ability to perform work must be considered. To make this determination, whether or not there has been an increase in the residual functional capacity based on the impairment that was present at the time of the most recent favorable medical determination must be considered.

5.      If it is found at Step 3 that there has been no medical improvement or at Step 4 that the medical improvement was not related to the claimant's ability to work, a determination as to whether the exceptions apply. If none apply, disability will be found to continue. If one of the first group of exceptions to medical improvement applies, Step 6 is considered. If an exception in the second group of exceptions to medical improvement applies, the claimant's disability will be found to have ended.

6.      If medical improvement is shown to be related to the claimant's ability to do work or if one of the first group of exceptions to medical improvement applies, then it must be determined whether all of the claimant's current impairments in combination are severe. If the evidence shows that the current impairments in combination do not significantly limit the claimant's physical or mental abilities to do basic work activities, the impairments will not be considered severe and the claimant will no longer be considered disabled.

7.      If the impairment is severe, then the claimant's residual functional capacity based on all his current impairments must be considered to determine if the claimant can perform his past work. If a claimant can still perform his past work, disability will be found to have ended.

8.      If a claimant's impairment prevents him from performing his past work, other factors including his age, education, past work experience, and residual functional capacity are considered to determine if other work can be performed. If other work can be performed, then disability will have ended.

20 C.F.R. § 404.1594(f)(paraphrased).

The review may cease and benefits may be continued at any point in the analysis if the Secretary determines that there is sufficient evidence to find that the claimant is still unable to engage in substantial gainful activity. *Id*.

### Analysis

In *Waters v. Barnhart*, the Fifth Circuit clarified that the eight step "medical improvement standard applies to the cessation date in closed period cases." *Waters v. Barnhart*, 276 F.3d 716

(5th Cir. 2002). The primary difference between the five step standard and the medical improvement standard is that in the latter situation, "the government must, in all relevant respects, prove that the person is no longer disabled." *Id*. (citations omitted).

The Commissioner concedes that the medical improvement standard applies in this case, but argues that the ALJ *did* apply the eight-step medical improvement standard because the requisite findings may be discerned from his opinion. Upon review of the ALJ's decision, however, it is manifest that he set forth and applied the five step standard, with findings which approximated the medical improvement standard due to the considerable overlap between the two standards. (*See*, Tr. 20-27).[2] As in *Waters*, the ALJ's use of the five step standard caused the burden of proof to remain principally with the claimant, which cannot be reconciled with the Commissioner's obligations under the medical improvement standard. *See, Waters, supra*.[3]

The Commissioner contends that it does not matter whether the ALJ properly allocated the burden of proof because, either way, the Commissioner met the burden. Citing *Hampton v.*

---

[2] The ALJ did interject a conclusory finding regarding medical improvement. (Tr. 25).

[3] It could be argued that *Waters* is not on point because in *Waters* the ALJ decided the matter at step four of the sequential evaluation process – a step where the claimant normally retains the burden of proof. *Waters, supra*. In this case, the ALJ decided the application at step five – a step where the burden of proof is initially borne by the Commissioner. *See, Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987) (at step four, the claimant retains the burden of proof; at step five, the burden shifts to the Commissioner); *Waters*, 276 F.3d. at 718 (at step five, burden shifts to Commissioner to establish that claimant can perform other work; claimant must then prove that he cannot perform the suggested work). However, the instant ALJ indicated that at the fifth step, the Commissioner had only a "limited burden" to provide evidence of other work compatible with the claimant's residual functional capacity, and that the burden generally remained with the claimant. (Tr. 22). Thus, even in his application of the five step standard, it is not clear that the ALJ recognized or shouldered the Commissioner's burden of proof. Moreover, with regard to the potentially dispositive intermediate steps of the medical improvement standard, it is apparent that the ALJ incorrectly allocated the burden of proof.

6

*Bowen*, the Commissioner likens the ALJ's failure to set forth the proper standard to failing to recite "magic words," which does not compel remand. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).[4] However, this reviewing court cannot so blithely excuse the ALJ's failure to apply the correct standard when proper allocation of the burden of proof may readily affect the application's disposition at each step of the review process.[5] When, as here, the ALJ has applied an incorrect standard, reversal and remand is required. *Waters, supra; Hampton, supra*. Accordingly,

**IT IS RECOMMENDED** that the matter be **REVERSED and REMANDED** for further proceedings consistent herein.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

---

[4] In *Hampton*, the ALJ failed to set forth the proper standard for assessing the severity of an impairment. *Id*.

[5] The court acknowledges that while the instant record may ultimately provide substantial evidence to support a finding of medical improvement as of October 11, 2004, there is also some evidence that medical improvement did not occur until May 19, 2005. (*See*, Tr. 331-341). Resolution of these issues must be made in the first instance by the Commissioner utilizing the correct legal standard.

The court notes that in response to plaintiff's complaints of anxiety, depression, and debilitating pain, the medical expert opined that a psychological assessment would be helpful. (Tr. 327, 420). These alleged mental impairments may warrant further development upon remand.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 6th day of October, 2008.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE