UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| IRA JEROME WILLIAMS | * | DOCKET NO. 07-2124 |
| VERSUS | * | JUDGE JAMES |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

## REPORT & RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Attorney Fees filed by plaintiff, Ira Jerome Williams, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [doc. # 11]. The motion is unopposed. (*See*, Def. Response). For reasons stated below, it is recommended that the motion be GRANTED, and that the Commissioner be ordered to pay attorney's fees in the amount of $ 4,537.50 (2.1 hours at $125.00 per hour, plus 28.5 hours at $150.00 per hour); expenses of $196.45; and costs of $350.00.

## I. The EAJA and Number of Hours Claimed

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1] The prevailing party is entitled to fees

---

[1] On October 31, 2008, the District Judge entered a judgment reversing and remanding this case to the Commissioner for further proceedings.

unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988). The Commissioner does not oppose the motion, and therefore does not contest that plaintiff is the prevailing party and entitled to an award of EAJA fees. Furthermore, the undersigned has reviewed the statement of charges submitted by plaintiff's counsel, and has determined that the amount of time spent on the services performed is reasonable.[2]

## II. Hourly Rate

In their petition, plaintiff's attorneys seek to recover fees at an hourly rate of $ 125.00 – presumably due to counsel's familiarity with the practice in this district. However, in a February 11, 2009, Order, the undersigned observed that

> [t]he EAJA provides in relevant part that the amount of fees awarded:
>> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.
>> 28 U.S.C. § 2412(d)(2)(A)(ii).
> The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). Although courts are clearly authorized to figure cost of living increases into the hourly rate, heretofore, courts within this district have regularly declined to award EAJA fees in excess of $ 125 per hour. *See e.g., Richards v. Astrue*, 2008 WL 4544374 (W. D. La. Oct. 7, 2008) (and cases cited therein). However, when a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id*.
>> According to the undersigned's rudimentary calculations, the cost of living in this area has increased between 34 and 38.28 percent between March 1996 when the $ 125 cap was implemented, and December 2008, the year when the

---

[2] Plaintiff's attorneys expended 2.1 hours in the 2007 calendar year and 28.5 hours in 2008 and 2009. (Pl. Petition, Attach. [doc. # 11]). The significance of the annual breakdown is addressed below.

> instant services were rendered. *See, Richards, supra* (claimant argued that CPI
> increased by 34.89 percent through December 2007).[3] This change is not
> insignificant. Increasing the $ 125 statutory cap by 34 to 38.28 percent would
> result in an hourly rate of $167.50 to $ 172.85. Absent other circumstances,
> however, the original $ 125 per hour reflected the *maximum* rate to be awarded
> under the EAJA. Thus, the CPI adjusted rate range of $167.50 to $ 172.85
> contemplates the maximum rate that could be awarded today -- assuming the
> court's calculations are correct. *Baker, supra* (increased rate may never exceed the
> percentage by which the market rate increased since statute enacted).
>
> Upon due consideration of prevailing market conditions and the healthy
> community of social security practitioners in this area, the court is inclined to
> implement an hourly rate of $ 150 per hour for this, and future EAJA petitions.
> *See, Brown v. Astrue*, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (settling upon
> an hourly rate of $ 150). Accordingly, within the next 14 days from the date of
> this order, the parties are invited to submit any briefs and/or evidence relative to
> this issue.

February 11, 2009, Order [doc. # 11] (in pertinent part).

The Commissioner filed the sole response to the proposed rate change, stating that he did not object to the increase in this case and future cases filed in this district, but suggested that because the court's analysis included the CPI through 2008, the increase should apply only to legal services performed in 2008 forward. (Commissioner's Response; [doc.# 14]). The Commissioner's point is well-taken. The undersigned recommends that the court implement a $150 hourly rate for this, and future EAJA petitions for services performed in 2008 and going forward, and, for services performed in years prior to 2008, that the $125 rate remain in effect.

---

[3] In *Zamora v. Astrue*, the court calculated the cost of living adjustment by comparing the Consumer Price Index ("CPI") for March 1996, the year in which the $ 125 EAJA rate became effective, with the CPI for the period when the services were rendered. *Zamora v. Astrue*, 2009 WL 311312 *6, n1 (S. D. Tex. Feb. 9, 2009). To discern the percentage CPI increase, the court subtracted the March 1996 CPI for All Urban Consumers (155.7) from the then current CPI and divided the difference by the March 1996 CPI for All Urban Consumers (155.7). *Id*.

In the case *sub judice*, the March 1996 CPI for all Urban Consumers in the South was 152.4; the annual 2008 CPI for All Urban Consumers was 215.303, and the annual 2008 CPI for all Urban Consumers in the South was 208.681. *See, http://data.bls.gov/cgi-bin/surveymost?cu*. Depending on whether the national or southern CPI's are used, or a combination thereof, the CPI has increased by 34.03 percent (208.681-155.7 / 155.7); 38.28 percent (215.303-155.7 / 155.7); or 36.93 percent (208.681-152.4 / 152.4) since March 1996. This CPI change would increase the $ 125 cap to between $ 167.54 and $ 172.85.

Accordingly,

IT IS RECOMMENDED that the Petition for Attorney Fees be GRANTED in its entirety, and that the Commissioner be ordered to pay attorney fees in the amount of $ 4,537.50 (2.1 hours at $125.00 per hour, plus 28.5 hours at $150.00 per hour) plus expenses and costs totaling $546.45 to plaintiff's attorney(s).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of February 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE