UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| IRA JEROME WILLIAMS | * | DOCKET NO. 07-2124 |
|---|---|---|
| VERSUS | * | JUDGE JAMES |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

## ORDER

Before the undersigned Magistrate Judge, is a "Motion for Reconsideration or Objection" [doc. # 16] filed by plaintiff, Ira Jerome Williams. For reasons assigned below, to the extent the motion is one for reconsideration, the motion is DENIED.[1]

I. Background

On January 27, 2009, plaintiff, Ira Jerome Williams, filed a Petition for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [doc. # 11]. In the petition, plaintiff's attorneys sought to recover fees at an hourly rate of $ 125.00. On February 11, 2009, the undersigned notified the parties that the court was inclined to implement an hourly rate of $ 150 per hour for this, and future EAJA petitions in this division. (February 11, 2009, Order [doc. # 13]). Accordingly, the parties were afforded 14 days to submit any briefs and/or evidence relative to that issue. *Id*.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On February 19, 2009, the Commissioner filed the sole timely response to the proposed rate change, stating that he did not object to the increase in this case and future cases filed in this district, but suggested that the increase should apply only to legal services performed in 2008 forward. (Commissioner's Response; [doc.# 14]). On February 26, 2009, the undersigned adopted the Commissioner's caveat, and recommended that the court implement a $150 hourly rate for this and future EAJA petitions for services performed in 2008 and going forward. (February 26, 2009, Report and Recommendation). For services performed in years prior to 2008, the undersigned recommended that the $125 rate remain in place. *Id*.

Approximately eight hours after the report and recommendation issued, plaintiff filed the instant motion for reconsideration or objection thereto. [doc. # 16].[2] To the extent that plaintiff's filing is properly denominated a motion for reconsideration,[3] the matter has been referred to the undersigned. (*See*, Notice of Motion Setting [doc. # 16]). The Commissioner has not filed a response; the delay to do so has lapsed; therefore, the motion is deemed unopposed. *Id*. The matter is now ripe. *Id*.

## II. Motion for Reconsideration

The undersigned observes that the Federal Rules of Civil Procedure do not expressly contemplate a motion for reconsideration. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n10 (5th Cir. 1998). If the motion for reconsideration is filed within ten days of the judgment or order, then the motion is treated as a motion to alter or amend judgment under

---

[2] Plaintiff's co-counsel represented that due to a family emergency and the mis-calendaring of the response deadline, she did not file a timely response to the court's February 11, 2009, Order. (Suppl. Decl. of Sarah Bohr [doc. # 16-2]).

[3] Any party may file written objections to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). However, there is no provision for a motion to reconsider a report and recommendation. *Id*.

Federal Rule of Civil Procedure 59(e). *Id*. Here, however, plaintiff's motion seeks reconsideration of a report and recommendation, which, at best, has no greater (and in all likelihood less) force than an interlocutory order. *See e.g., Leon v. Washington Mut. Bank, F.A.*, 164 F. Supp. 2d 1034, 1039 n4 (N.D. Ill. Oct. 2, 2001) (an as yet unadopted report and recommendation enjoys no precedential authority). Of course, an interlocutory order is subject to revision at any time before final judgment. *See, Golman v. Tesoro Drilling Corp.*, 700 F.2d 249, 253 (5th Cir. 1983) (citation omitted). Moreover, a trial court may reconsider or reverse an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citations omitted), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n14 (5th Cir.1994) (en banc).

### III. <u>Discussion</u>

Plaintiff's motion urges the court to award an hourly rate of $ 166.46 for work performed by counsel in 2007, and $ 172.85 for work performed in 2008 and the first part of 2009. Plaintiff's proposed rates represent the $ 125 per hour EAJA cap, as increased by the percentage change in the Consumer Price Index ("CPI") since 1996 when the cap was implemented. Plaintiff contends that this higher hourly rate is warranted because the market rate for attorneys in this jurisdiction exceeds the CPI adjusted rate. Plaintiff adduced supporting affidavits from local attorneys (including plaintiff's local counsel) to demonstrate that the area rates for the same or comparable work range between $180 to $250 per hour. (*See*, Affidavits of Alex Rankin and James Rountree [doc. #s 16-8 & 9]).

Be that as it may, the Fifth Circuit has held that the hourly rate need not precisely track the cost of living increase for the geographical area, and "rates should be increased only to the

3

extent necessary to ensure an adequate source of representation . . ." *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). There is no evidence that the court's proposed hourly rate of $150 will not ensure adequate sources of representation in social security appeals. In this case, for example, the court's well-known practice of awarding fees at an hourly rate of $ 125 not only was sufficient to induce local counsel to prosecute this appeal, but was sufficiently high that he could afford to "sub out" the brief writing to nationally recognized co-counsel in Florida. (*See*, Decl. of Sarah Bohr [doc. # 11-3]). The undersigned further observes that this court's heretofore practice of not exceeding the statutory rate has not dissuaded counsel who reside in more expensive areas of the country, with correspondingly higher overhead costs, to take cases in the Western District of Louisiana. *See e.g., Windham v. Astrue*, Civil Action No. 07-1463 (W. D. La.) (Counsel resides in Miami, FL); *Rohrer v. Astrue*, Civil Action No. 06-1242 (W. D. La.) (Counsel resides in New York, NY).[4]

Plaintiff also argues that his proposed hourly rates are supported by various decisions from 2001 to 2003, wherein Magistrate Judge Kirk awarded fees based upon an hourly rate that included cost of living adjustments. *See e.g., Dowles v. Barnhart*, Civil Action No. 99-0631 (W.D. La. May 20, 2003). However, as counsel is or should be aware,[5] Magistrate Judge Kirk subsequently recanted, and has since limited his fee awards to the statutory cap. *See, Lewis v. Barnhart*, Civil Action No. 04-0719 (W.D. La. Aug. 16, 2005).

In sum, the undersigned has recommended a $ 150 hourly rate for this and future EAJA

---

[4] It should also be noted that a potentially greater financial incentive ensuring adequate representation of social security plaintiffs is the chance to obtain a fee of up to 25 percent of the total of the client's past-due disability benefits, should the claimant ultimately prevail before the Commissioner. 42 U.S.C. § 406(b).

[5] *See, Beck v. Barnhart*, Civil Action No. 05-0983 (W.D. La. Sept. 6, 2006) [doc. # 14].

petitions for services performed in 2008 and going forward. *See, Brown v. Astrue*, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (awarding hourly rate of $ 150). There is no indication that a higher rate is necessary to ensure adequate representation of social security appellants in this area or district. *See, Baker, supra*.

Accordingly, to the extent that plaintiff's motion [doc. # 16] seeks reconsideration of the February 26, 2009, Report and Recommendation, it is hereby DENIED.[6]

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day of March 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[6] To the extent that plaintiff's filing is an objection to the report and recommendation, it is an issue reserved to the district court judge.